IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN, | 1:12-cv-01472-GSA (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| R. HARRIS, et al., | ( #9) |
| Defendants. | |
| _____/ | |

On June 21, 2013, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

-1-

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. Although service of process upon the defendants has been initiated, none of the defendants have been served or appeared in this action. The legal issue in this case – whether defendants used excessive force – is not complex, and this court is faced with similar cases almost daily. Plaintiff has informed the court that he may be transferred away from the facility where he is receiving assistance with litigation, causing difficulties in his ability to successfully continue with this action. However, to date Plaintiff has not been transferred, and according to the record in this action, plaintiff is presently able to adequately articulate his claims.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice to renewal of the motion at a later stage of the proceedings.

IT IS SO ORDERED.

Dated:   **June 25, 2013**              /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE