UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN, | 1:12-cv-01472-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT |
| vs. | (Doc. 14.) |
| C/O R. HARRIS, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Cornell Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 10, 2012.  (Doc. 1.)  On September 10, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).  This case now proceeds on Plaintiff's initial Complaint, against defendant Harris for excessive force in violation of the Eighth Amendment, and defendant Nelson for failure to protect Plaintiff in violation of the Eighth Amendment.

On September 20, 2013, Plaintiff filed a request for entry of default against the defendants to this action. (Doc. 14.)

## II. ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

### Plaintiff's Request

Plaintiff requests entry of default against the defendants to this action. Plaintiff asserts that court records indicate that on May 5, 2013, the defendants were served by the United States Marshal ("Marshal") with a copy of the summons and complaint. Plaintiff argues that default should be entered against the defendants because more than twenty days have elapsed since they were served, and they failed to plead or otherwise defend in this action.

### Discussion

Court records do not reflect Plaintiff's assertion that the defendants were served with process on May 5, 2013. (Court Record.) On May 23, 2013, the court issued an order directing the United States Marshal ("Marshal") to serve process in this action upon defendants Harris and Nelson ("Defendants"). (Doc. 8.) To date, the court has not received any notice that Defendants were served or that service by the Marshal was unsuccessful. (Court Record.) Plaintiff has not shown that Defendants were properly served with process and failed to plead

or otherwise defend pursuant to Rule 55(a).  Fed. R. Civ. P. 55(a).  Therefore, Plaintiff's request for entry of default must be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against Defendants, filed on September 20, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **September 23, 2013**              **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE