Cornell C. Brown H22803
Pelican Bay state prison
Po. Box 7500
Crescent City Calif 95532-7500
 Attorney - pro per

**FILED**

FEB 14 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

Cornell Brown,
            Plantiff,

            V

Harris, ETAL,
            Defendants

Case# 1:12CV01472-GSA

Response To Notice of ERRATA
on Opposing, Motion of Plantiff

    In ReGuards To Deffendants. Correction To. motion To
Dissmiss, plantiff allready submitted his motion of oppisition.
In ReGuards To The resisting RVR. 115 for Resisting a peace
officer. plantiff, was a victim of a excessive force beating
By C/o Harris, and a violation of His Eight amendment by
C/o Nelson for failure To protect, by C/o Nelson/Tower
officer.

(i)

As. far as plantiff Loasing forfortun of Credit. As A Reason to Dissmiss plantiff, Case, plantiff fieled for Restoration of creedit 100% percent because Resisting not A shoeable offenee, Also All Inmate's Are found Guilty of all, Charges of Anything, for This Reason. Every Inmate Is Guilty 51% until found not Guilty by Court afther Exsausting All addministrative Remidies.

Now plantiff was Able To file for 100% Restoration for Restration of Credit Afther Complaining to court. About CDC not Allowing Indigent Immates Copies of Documents, I plantiff Was Taken back To CCI Committee for Restoration of Credit, Therefor Should not be, Effected In His Case And Motion of oppisition Should be Granted

(2)

In full, do to Deffendants mistake
Batter on a peace officer IS A much
more offence, and should be dissmissed
If This was The case. But Here
Its Clearly not The case, so Plantiff
Pray That The Court. Grant His motion.
Subporting Doc, Attached.

Respectfuly yours
Connell Brown H-82803
Pro per
Date 2/14/14

# EXHIBIT B

State of California
Department of Corrections and Rehabilitation

**Mental Health ICC Chrono**
CDCR 128-MH10

Inmate Name: _BROWN (ornell C_     CDC Number: _H22803_     Housing: _A 1-223_     Institution: _POSP_
                    (Last, First, MI)

The Institutional Classification Committee (ICC) met for the purpose of _Credit Restoration_ review on this day and the inmate's Central File was reviewed. The inmate ☑appeared ☐refused to appear for an interview before the ICC on this date.

**BEHAVIORAL OBSERVATIONS:**
☑Yes ☐No   Grooming was appropriate
☑Yes ☐No   Speech was intelligible
☑Yes ☐No   Comprehension process was adequate   Other: _____

**MENTAL HEALTH TREATMENT RECOMMENDATION:**
☐ No treatment needed at this time.

☑ Inmate is currently participating in the MHSDS.   Comments: _Continue cccms LsvL_

☑ Current records review reveals ☐evidence ☑no evidence of change in mental health needs since: (Check Box Below)
   a.☑ Previous SHU Mental Health Screening Chrono dated: _8-25-13_
   b.☑ Most Recent IDTT recommendations dated: _12-26-13_

_1-29-14_               _V. Cr ulli_               _Lciw_               _V. Cuyullo_
    Date               Clinician's Name (Print)               Title               Signature

Distribution:   Pink–Central File       Blue–UHR Mental Health Section       White–Mental Health Department File, Inmate

INMATE COPY

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A:  INMATE/PAROLEE REQUEST

| NAME (Print)    (LAST NAME)    (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| Brown    Cornell | H-22803 | Cornell Brown |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| A-2 223 | 0 | | Credit Restoration |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

According To Title 15 3327.-3328. I'm Allowed To Attend Hearing
#(1) 4A2 12-0105 Date Guilty 1-22-12 60 Days Credit Loss Div E off
#(2) 4A2-11-12-03 Date Guilty on or About 12-17-11 60 Days Credit Loss Div E
#(3) 4A2 12-0103 Date Guilty 1-22-12 90 Days Credit Loss Div D of A
#(4) FA 12-04-0006 Date Guilty 4-26-12 90 Days Credit Loss Div B off A
#(5) 8 Questionable 4A2 12-01-04  Date Guilty 1-22-12 150 Credit Loss B off

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***

☐ SENT THROUGH MAIL:   ADDRESSED TO:_____   DATE MAILED:___/___/___

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
|---|---|---|---|
| J. Buy | 1/1/14 | | |

| IF FORWARDED – TO WHOM: CCI | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)  IN PERSON  BY US MAIL |
|---|---|---|
| A-1 Counselor Mrs. Thorton | 1-1-14 | |

## SECTION B:  STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| CCIM Thorton | 1/2/14 | M Strenth | 1/2/14 |

I will review all of this & take you to
ICC at 00 within 30 days hopefully,

## SECTION C:  REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D:  SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print):   (LAST NAME)   (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| Cornell Brown | A-22803 | Cornell Brown |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM ___ TO ___ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| A-1 223 | O | | Creelit Restoration |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

Mrs. Thorton, Sorry But I Should file for All of my Credit at once, So I Could Avoid Two Committees for Same Thing. I've Never filed for Any credits In Past Had To Wait for Transfur So I could Avoid Boggs RVR's By CCI And CDR-staff now I Can Show & Prove I was being falsely Accused of RVR's.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☐ SENT THROUGH MAIL: ADDRESSED TO:_____ DATE MAILED: / /
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: 1/5/14 | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
|---|---|---|---|
| IF FORWARDED – TO WHOM: CCI MRS Thorton | DATE DELIVERED/MAILED: 1-5-14 | | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |

### SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: CCI M. Thorton | DATE: 1/6/14 | SIGNATURE: M. Thorton | DATE RETURNED: 1/6/14 |
|---|---|---|---|

I will try to schedule you within 30 days or your next scheduled ICC which ever comes first. As you are a lifer there is no valid reason to expedite.

### SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

_____
_____
_____
_____

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

### SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

_____
_____
_____
_____
_____
_____

A1-223

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PELICAN BAY
AD-SEG, UNIT A-2

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) BROWN (FIRST NAME) Cornell | CDC NUMBER: H22803 | SIGNATURE: Cosnell Brown |
|---|---|---|

| HOUSING/BED NUMBER: A-2-250 | ASSIGNMENT: 0 | HOURS FROM ____ TO ____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): Transfur |
|---|---|---|---|

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

CSR PLeAse Let Me no where I'm Indorced To becAuse I cAnt go To CCI do To My Life being In danger by stAff pluss Pending LAw suits on several stAff case # 1:12-CV-01472 GSA eAstern DistRict Pluss I cAnt go To CoRcoRAn To MAny ReLAtives, Cousin' A.W. SAbrina Jhonsen & Husband Cousin JAMes WARden Cousin MARLine Smith CRM

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☐ SENT THROUGH MAIL: ADDRESSED TO:_____ DATE MAILED: ___/___/___
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
|---|---|---|---|

| IF FORWARDED – TO WHOM: CSR | | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |
|---|---|---|---|

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: CCII M. THORNTON | DATE: 10/24/13 | SIGNATURE: M. Thornton | DATE RETURNED: 10/24/13 |
|---|---|---|---|

You are endorsed to CCI SHU.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

223  I'm Retain Copy

## APPLICATION FOR RESTORATION OF CREDITS

*Credits that have been forfeited due to disciplinary offenses occurring on or after January 1, 1983, shall be considered for restoration in accordance with Director's Rules (DR 3327). Submit this application to your counselor.*

I, Cornell Brown ......................................., H-22803 ...., hereby make
                    INMATE NAME                        NUMBER

formal application for restoration of credits lost due to a finding of guilt on CDC-115,
dated 4-30-12 Log Number ..FA-12-04-000.6.......
      12

Offense Division:   A-1   A-2   B   C   (D)   E   F   *(circle one)*

Number of days credit that were forfeited: ....90.............

I have remained disciplinary free for ...22.mo.......days. Two Date

.......Cornell Brown............... H-22803  A-1 223
              INMATE SIGNATURE                 NUMBER    HOUSING UNIT

Application submitted to Counselor on: 12-31-12
                                        DATE

3005(a)

**COUNSELOR VERIFICATION:** This inmate . . .

  1. Meets all the criteria for credit restoration ................................ ☒
 *2. Does not meet all the criteria for credit restoration ..................... ☐
  *(Give brief explanation)*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*If No. 2 is checked, inmate will not be scheduled for hearing, *return form to inmate.*

.............................................
RE-ENTRY SPECIALIST/COUNSELOR'S SIGNATURE      DATE

*Classification Committee CDC 128 G shall state number of days restored with copy to inmate.*

CDC 958 (REV. 5/87)

# APPLICATION FOR RESTORATION OF CREDITS

*Credits that have been forfeited due to disciplinary offenses occurring on or after January 1, 1983, shall be considered for restoration in accordance with Director's Rules (DR 3327). Submit this application to your counselor.*

I, ........Cornell Brown................, H22803........, hereby make
<span>INMATE NAME</span>      <span>NUMBER</span>

formal application for restoration of credits lost due to a finding of guilt on CDC-115,
dated ....4-18-10..... Log Number ....4A2 10-04-01....

4-18-10 Offense Division:  A-1  A-2  B  C  (D)  E  F  *(circle one)*
Number of days credit that were forfeited: ....90....
I have remained disciplinary free for .....22 mo.....days.

....Cornell Brown........    H-22803    A1 223
<span>INMATE SIGNATURE</span>      <span>NUMBER</span>   <span>HOUSING UNIT</span>

Application submitted to Counselor on: 1-5-14
<span>DATE</span>

3005(a)

---

**COUNSELOR VERIFICATION:** This inmate . . .

1. Meets all the criteria for credit restoration ..........................................
*2. Does not meet all the criteria for credit restoration ..............................
*(Give brief explanation)*

I do not see where the analyst took this time... You will need to contact the case record analyst & request a printout of all credit loss.

* If No. 2 is checked, inmate will not be scheduled for hearing, *return form to inmate.*

M- Thomas  1/28/14
<span>RE-ENTRY SPECIALIST/COUNSELOR'S SIGNATURE</span>   <span>DATE</span>
cdl

*Classification Committee CDC 128 G shall state number of days restored with copy to inmate.*

CDC 958 (REV. 5/87)

# APPLICATION FOR RESTORATION OF CREDITS

*Credits that have been forfeited due to disciplinary offenses occurring on or after January 1, 1983, shall be considered for restoration in accordance with Director's Rules (DR 3327). Submit this application to your counselor.*

I, .......Cornell Brown........, ...H22803..., hereby make
INMATE NAME                          NUMBER

formal application for restoration of credits lost due to a finding of guilt on CDC-115, dated ..4-8-11.. Log Number ...4A-2-11-03-45.....

3551 Offense Division:  A-1  A-2  B  C  D  E  (F) *(circle one)*

Number of days credit that were forfeited: .......30........

I have remained disciplinary free for ....22mo.....days.

.......Cornell Brown.......  H-22803  A-223
INMATE SIGNATURE          NUMBER    HOUSING UNIT

Application submitted to Counselor on: ..1-5-14..
                                          DATE

3355(9)

─────────────────────────────────────────────

**COUNSELOR VERIFICATION**: This inmate . . .

    1. Meets all the criteria for credit restoration ................... ☑

   * 2. Does not meet all the criteria for credit restoration ................... ☐

   *(Give brief explanation)*

.................................................................

.................................................................

.................................................................

.................................................................

.................................................................

\* If No. 2 is checked, inmate will not be scheduled for hearing, *return form to inmate.*


.......................................  1/28/14
RE-ENTRY SPECIALIST/COUNSELOR'S SIGNATURE   DATE

*Classification Committee CDC 128 G shall state number of days restored with copy to inmate.*

**TITLE 15**  DEPARTMENT OF CORRECTIONS AND REHABILITATION  **§ 3327**

7. Certificate of Compliance as to 5-18-89 order transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

**3326.  Records of Disciplinary Matters.**

(a) Upon conclusion of disciplinary proceedings, all documents relating to the disciplinary process, findings and disposition shall be disposed of in the following manner:

(1) When an inmate is held responsible for the act charged, copies of all documents prepared for and used in the disciplinary proceedings shall be placed in the inmate's central file. A copy of the completed CDC Form 115 shall be provided to the inmate. A copy of the completed CDC Form 115 shall be filed in the Register of Institution Violations.

(2) When the inmate is found not guilty of the act charged or when the charge is dismissed for any reason, the documents prepared for and used in the disciplinary process shall not be placed in any file pertaining to the inmate. However, two copies of any CDC Form 115 used in the disciplinary process shall be completed as to findings and disposition. One copy of the completed report shall be filed in the Register of Institution Violations. The other completed copy shall be provided to the inmate. All other copies of the CDC Form 115 and all supplemental reports shall be destroyed.

(3) Unless information developed through the disciplinary process, such as enemy information, needs to be considered in future classification committee determinations affecting an inmate found not guilty of a rule violation or whose charges were dismissed, no other recording or document relating to the rule violation charge or disciplinary proceedings shall be placed in files pertaining to the inmate.

(b) Information developed through the disciplinary process, classification committee determinations affecting the inmate, or events requiring explanation shall be recorded by the disciplinary hearing officer on a CDC Form 128-B, Informative Chrono, and referred to the classification committee. Such information shall include but not be limited to the following:

(1) The reason for an inmate's placement in restricted housing prior to adjudication of the charges if that information has not been previously considered in a classification committee hearing;

(2) Any reason for retaining the inmate in restricted housing after a finding of not guilty or dismissal of charges; or

(3) Any program assignment or placement change which needs to be considered in view of other inmate or employee animosity toward the individual.

(4) The CDC Form 128-B shall be placed in the inmate's central file and a copy shall be provided to the inmate.

(c) Provisions of this section shall also apply when a finding of guilt on disciplinary charges is reversed or dismissed on appeal, or when information reported on a CDC Form 128-A, Custodial Counseling Chrono, is found on appeal to be incorrect or inappropriate.

(d) A finding of not guilty, dismissal, or reversal of a previous finding of guilt shall require an audit and updating of any documentation in the inmate's file reflecting a prehearing assumption of guilt or the original finding of guilt. Such documentation shall not be removed from the inmate's file, but shall be annotated with a cross-reference to the CDC Form 128-B documenting the most recent findings and action on the charge.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 5054 and 2081, Penal Code.

HISTORY:

1. New section filed 5-13-77; effective thirtieth day thereafter (Register 77, No. 20).

2. Amendment of subsection (a) filed 3-22-78; effective thirtieth day thereafter (Register 78, No. 12).

3. Amendment of section and new Note filed 5-5-95; operative 6-5-95 (Register 95, No. 18).

Article 5.5.   Restoration of Forfeited
Worktime Credits

**3327.  Restoration of Forfeited Credits.**

(a) Forfeited credits shall at no time be restored as specified below:

(1) No credit shall be restored for any serious disciplinary offense punishable by a credit loss of more than 90 days. These offenses include Divisions A-1, A-2, B and C.

(2) No credit shall be restored if the inmate is found guilty of any subsequent rule violation that occurred within the required disciplinary-free periods provided in Section 3328.

(3) No credit shall be restored if the worktime credit denial or loss was ordered by court judgment unless the court rescinds or overturns the order.

(4) No credit shall be restored for the following disciplinary offenses:

(A) The inmate was found guilty of use of a controlled substance, marijuana, or alcohol, based on a positive test result from a departmentally approved testing method;

(B) The inmate was ordered to submit to a drug test pursuant to section 3290(c) and refused the test;

(C) The inmate was found guilty of fermentation or distillation of materials in a manner consistent with the production of alcohol in a prison or community access facility;

(D) The inmate was found guilty of unauthorized possession of dangerous contraband as defined in section 3000.

(b) Upon completion of a disciplinary-free period for Division D, E, and F offenses as provided in section 3328, an eligible inmate may apply to their caseworker for credit restoration by submitting a CDC Form 958 (Rev. 8/87), Application for Inmate's Restoration of Credits. A restoration hearing shall be conducted within 30 days of the inmate's application. The inmate has a right to be present at the hearing and to a written decision of the committee.

(1) A classification action resulting in restoration of worktime credit shall be documented and forwarded to the facility's case records staff for recalculation of the inmate's release date.

(2) When an inmate does not meet the criteria for a credit restoration hearing, the caseworker shall note the reasons on the CDC Form 958 and return it to the inmate.

(c) Credit shall be restored at the consideration hearing unless it is determined that the inmate has, since the disciplinary infraction leading to the credit forfeiture, refused or failed to perform in a work, training, or educational assignment during the required disciplinary-free period, or under extraordinary circumstances, as described in section 3329.

(1) Credit shall not be restored in an amount rendering the inmate overdue for release.

(2) An inmate who is a violent offender as defined in Penal Code (PC) Section 667.5(c), or who is serving a term upon conviction of child abuse pursuant to PC Sections 273a, 273ab, 273d, or any sex offense identified in statutes as being perpetrated against a minor victim, or who is an offender for whom such notification has been ordered by any court shall not be eligible for credit restoration which would result in a notification being provided to local law enforcement in less than 45 days prior to the inmate's scheduled release date.

(3) The inmate shall be informed at the hearing that case records staff shall determine the actual release date which shall include a minimum of ten working days for release processing. However, if the inmate is a violent offender as defined in PC Section 667.5(c) or is serving a term upon conviction of child abuse pursuant to PC Section 273a, 273ab, 273d, or any sex offense identified in statutes as being perpetrated against a minor victim, or for whom such

149

to OAL within 120 days or emergency language will be repealed on 12-7-87.

3. Certificate of Compliance as to 8-7-87 order transmitted to OAL 12-4-87; disapproved by OAL (Register 88, No. 16).

4. Amendment filed 1-4-88 as an emergency; operative 1-4-88 (Register 88, No. 16). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 5-3-88.

5. Certificate of Compliance as to 1-4-88 order transmitted to OAL 5-3-88; disapproved by OAL (Register 88, No. 24).

6. Amendment filed 6-2-88 as an emergency; operative 6-2-88 (Register 88, No. 24). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-30-88.

7. Certificate of Compliance transmitted to OAL 9-26-88 and filed 10-26-88 (Register 88, No. 50).

8. Amendment of subsections (b) and (c) filed 12-20-91 as an emergency; operative 12-20-91 (Register 92, No. 4). A Certificate of Compliance must be transmitted to OAL 4-20-92 or emergency language will be repealed by operation of law on the following day.

9. Certificate of Compliance as to 12-20-91 order transmitted to OAL 4-20-92 and filed 5-28-92 (Register 92, No. 24).

10. Amendment of section heading, section and Note filed 5-5-95; operative 6-5-95 (Register 95, No. 18).

11. Amendment of section pursuant to Penal Code section 5058(e) filed 3-20-96 as an emergency; operative 3-20-96 (Register 96, No. 12). A Certificate of Compliance must be transmitted to OAL by 8-27-96 or emergency language will be repealed by operation of law on the following day.

12. Certificate of Compliance as to 3-20-96 order transmitted to OAL 7-25-96 and filed 9-5-96 (Register 96, No. 36).

13. New subsection (a)(3) and amendment of Note filed 11-12-97 as an emergency; operative 11-12-97 (Register 97, No. 46). A Certificate of Compliance must be transmitted to OAL by 3-13-98 or emergency language will be repealed by operation of law on the following day.

14. Editorial correction of History 13 (Register 98, No. 18).

15. New subsection (a)(3) and amendment of Note refiled 4-29-98 as an emergency; operative 4-29-98 (Register 98, No. 18). A Certificate of Compliance must be transmitted to OAL by 10-6-98 or emergency language will be repealed by operation of law on the following day.

16. Certificate of Compliance as to 4-29-98 order transmitted to OAL 6-12-98 and filed 7-21-98 (Register 98, No. 30).

17. Amendment of subsection (a)(3) filed 8-27-98 as an emergency; operative 8-27-98 (Register 98, No. 35). A Certificate of Compliance must be transmitted to OAL by 2-3-99 or emergency language will be repealed by operation of law on the following day.

18. Amendment of subsection (a)(3) refiled 2-3-99 as an emergency; operative 2-3-99 (Register 99, No. 6). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 7-13-99 or emergency language will be repealed by operation of law on the following day.

19. Certificate of Compliance as to 2-3-99 order, including further amendment of subsection (a)(3) and new subsection (a)(2), transmitted to OAL 5-12-99 and filed 6-24-99 (Register 99, No. 26).

20. Amendment of subsections (a)(2) and (c), new subsection (c)(2), subsection renumbering and amendment of newly designated subsection (c)(3) and Note filed 5-22-2006; operative 5-22-2006 pursuant to Government Code section 11343.4 (Register 2006, No. 21).

21. Amendment of subsections (a)(2) and (a)(4) and new subsections (a)(4)(A)—(D) filed 8-4-2008; operative 8-4-2008 pursuant to Government Code section 11343.4 (Register 2008, No. 32).

### 3328.   Disciplinary-Free Periods.

(a) A disciplinary-free period shall commence immediately following the date and time an inmate is identified (date of discovery of information leading to the charge) as committing a rules violation.

(b) An inmate may apply for restoration of 100 percent of any credit forfeited for a Division "D" or "E" offense, not identified in section 3327, after remaining disciplinary free for 180 days.

(1) If less than 180 days remain before the inmate's established release date, a one-time application may be made within 90 days of the established release date when the inmate has remained disciplinary free for a minimum of 60 days.

(2) Violent offenders as defined in PC Section 667.5(c) and offenders serving a term upon conviction of child abuse pursuant to PC Sections 273a, 273ab, 273d, or any sex offense identified in statutes as being perpetrated against a minor victim, or for whom such notification has been ordered by any court, shall be eligible for the one-time credit restoration application only if local law enforcement officials can be notified of the inmate's release in not less than the 45-day time frame required by law.

(c) An inmate may apply for restoration of 100 percent of any credit forfeited for a Division "F" offense, not identified in section 3327, after remaining disciplinary free for 90 days.

(1) If less than 90 days remain before the inmate's established release date, a one-time application may be made within 60 days of the established release date when the inmate has remained disciplinary free for a minimum of 30 days.

(2) Violent offenders as defined in PC Section 667.5(c) and offenders serving a term upon conviction of child abuse pursuant to PC Sections 273a, 273ab, 273d, or any sex offense identified in statutes as being perpetrated against a minor victim, or for whom such notification has been ordered by any court, shall be eligible for the one-time credit restoration application only if local law enforcement officials can be notified of the inmate's release in not less than the 45-day time frame required by law.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 273a, 273ab, 273d, 667.5(c), 2932, 2933, 3058.6, 3058.9 and 5054, Penal Code.

HISTORY:

1. Amendment of section heading, section and Note filed 5-5-95; operative 6-5-95 (Register 95, No. 18).

2. Repealer of subsections (b) and (c) and subsection relettering pursuant to Penal Code section 5058(e) filed 3-20-96 as an emergency; operative 3-20-96 (Register 96, No. 12). A Certificate of Compliance must be transmitted to OAL by 8-27-96 or emergency language will be repealed by operation of law on the following day.

3. Editorial correction of second Exception (Register 96, No. 36).

4. Certificate of Compliance as to 3-20-96 order transmitted to OAL 7-25-96 and filed 9-5-96 (Register 96, No. 36).

5. Amendment filed 5-22-2006; operative 5-22-2006 pursuant to Government Code section 11343.4 (Register 2006, No. 21).

6. Amendment of subsections (a), (b), (b)(1), (c) and (c)(1) filed 8-4-2008; operative 8-4-2008 pursuant to Government Code section 11343.4 (Register 2008, No. 32).

### 3329.   Extraordinary Circumstances.

(a) Extraordinary circumstances are significant factors which aggravate the seriousness of a rule violation. A finding of factors in aggravation shall be cause to postpone restoration for one additional disciplinary-free period.

(b) Extraordinary circumstances include:

(1) The victim was particularly vulnerable.

(2) Multiple victims were involved.

(3) The inmate induced others to participate in the act or occupied a position of leadership or dominance over the other participants.

(4) The inmate threatened witnesses, prevented or dissuaded witnesses from testifying, induced others to perjure themselves or in any way interfered in the investigation or adjudication of the act.

(5) The inmate's misconduct included other acts which could have resulted in the forfeiture of additional credits.

CORNELL BROWN
P.O. BOX 7500
CRESENT CITY, CA. 95531
ATTORNEY OF RECORD

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

Cornell Brown
  Plaintiff

Vs.

C/o R. Harris et al.
C/o C. Nelson
  Defendants

| |
|---|
| CASE NO. 1--12 CV Ø1472 GSA-TC |
| Notice of MOTION for Discovery |
| EVIDENCE CODE §1Ø43 |
| |
| Time : |
| DATE : |
| COURT : |

TO THE CITY ATTORNEY FOR THE U.S. Dist. ct for THE E. Dist. of c Also, TO THE PRESIDING Judge of THE U.S. District ct. for THE EASTERN DISTRICT OF CALIFORNIA Plaintiff Cornell BROWN, Request THAT THE COURT PLEASE TAKE Notice of Motion for discovery Evid. C. § 1Ø43 — Peace officers/c/o's back ground Check in THE Court Room of THE U.S. District ct For THE East District of California 8:30 OR immediately thereafter ON THE DATE of  10- 14   2Ø 13 . Plaintiff Cornell BROWN Respectfully moves for this Motion TO BE GRANTED.

THis motion is based upon THE RECORD of information before THIS Court,
P.C. §1258     (1.)     P. C. §14Ø4

A TTached Declaration and points and Authorities herein.

Dated ___10-14-13___

Respectfully Submitted

___Cornell Brown___

Pro se Plaintiff/Attorney of Recor.

Federal Rules of Civil Procedure, rule 33; 30; 36;

\* 34; \* 26 \* 37

This Discovery Motion includes:

(1) request for all relevant (copies of) any and all Documents.

(2) policy Statements, guidlines, incident reports

(3) or Written materials that might reveal the official duties or policies of dependants were at the relevant times, written accounts of the incident at issue

(4) And the names of any other knowledgeable or responsible persons.

(5) All Admissible evidence pertaining to defendin
※ PARties: back ground — Any ACCESSIVE use of force

(6) Any use of DRugs — on Job OR off work.

(7) Any And all psychological relevant evaluations

(8) Any Batteries, on Work occupation site OR off

(9) Any Spousel related similar Abuses etc...

(10) Any and all negligent reports of related hi
of conduct Both defendants, from Any PARty.

P.C. §1258                    (4)              P.C. § 1404

Cornell Brown H22803
P.O. Box 7500
Cresent City, CA. 95531
PRO-SE ATTORNEY OF RECORD

PELICAN BAY
G.P. UNIT A-2

(18)

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Cornell Brown
      Plaintiff,

Vs.

C/O Harris et al
C/O Nelson
      Defendants

CASE No. 1--12 CV01472
      GSA-TC
Declaration for
Notice of Motion for
      Discovery Evid. C. §1043

I, Cornell Brown, Hereby Declare:
That I am the plaintiff in Above-Entitled Motion
Opporating in pro-se; seeking the Requested
Information Related to my person being Abused
by said Above C/o's C/O Harris; C/O Nelson, in An
Accessive use of force cruel; unusual manor violating
my civil Rights According to Federal civil suit
Claim 42 U.S.C. §1983; Also Wheretoo, I complaint
P.c. §1250      (5)      P.c. §1404

-ant seek monetary relief from both defendant c/o R. Harris; c/o C. Nelson, for the sum of $100,000°° each (TWO HUNDRED THOUSAND DOLLARS) each; which sum total is $400,000°° (Four Hundred Thousand Dollars). Wherein, both c/o R. Harris; Also c/o C. Nelson are being sued in their "INDIVIDUAL CAPACITY," Defendants acted UNDER "COLOR OF LAW" caused deprivation of my federal Rights. THERE is NO Relevant disputed fact, materially; therefore, based-on the UNDisputed facts, I'm entitled to prevail in my CASE Complaint for the full sum of Requested Amount.

Whereby, plaintiff prays THAT THE ABOVE sum will be granted PROCEEDING Following THE of THE granting of THE ABOVE-ENTITED MOTION — Back ground check — Discovery pursuant to Ev. C. §1043

I Declare UNDER penalty of perjury THAT THE Above Aforementioned is TRUE And correct to The best of my Knowledge And THAT THIS Declaration WAS executed on THE _10_ DAY of _14_ 20 13

at                                          State Prison   County of

P.C. §1258                    (6)                    P.C. §1404

(18)

Respectfully Submitted,

Cornell Brown

Pro-se Plaintiff

ATTORNEY OF RECORD

## PROOF OF SERVICE BY MAIL

(C.C.P. Sec. 101a #2015-5, U.S.C. Sec. 1746)

I, _Cornell Brown_____, am a resident of Pelican Bay State Prison, in the County of

Del Norte, State of California. I am over the age of eighteen (18) years and am a party to this action.

My State Prison address is: Pelican Bay State Prison, P.O. Box 7500, Housing Unit _A-1_ Cell

Number _223_, Crescent City, CA 95532-7500.

On the _4_ day of _Feburary_____, I served the following (set forth the exact

title of document[s] served):

_Responce To Deffendants motion of Erra And_
_Attached motion and documents To subport_
_Plantiff's Claims._

On the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with

postage thereon fully paid, in the United States mail, in a receptacle so provided at Pelican Bay State

Prison, Crescent City, CA 95532, and addressed as follows:

_Clerk Of The Court_          _Attorney General_
                              _And Two Deffendants_

I declare under penalty of perjury that the foregoing is true and correct:

_Cornell Brown_          _2-14-14_
Inmate Signature          Date

Page Number: _8_