UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN,<br><br>         Plaintiff,<br><br>     vs.<br><br>R. HARRIS, et al.,<br><br>         Defendants. | 1:12-cv-01472-GSA-PC<br><br>ORDER STRIKING SURREPLY<br>(Doc. 31.) |

**I.     BACKGROUND**

Cornell Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's initial Complaint filed on September 10, 2012, against defendant Harris for excessive force in violation of the Eighth Amendment, and defendant Nelson for failure to protect Plaintiff in violation of the Eighth Amendment.  (Doc. 1.)

On December 6, 2013, Defendants filed a motion to dismiss this action for failure to exhaust remedies.  (Doc. 22.)  Plaintiff filed an opposition to the motion on January 27, 2014. (Doc. 27.)  On January 29, 2014, Defendants filed a notice of errata, making a correction to their motion to dismiss.  (Doc. 28.)  On February 14, 2014, Plaintiff filed a response to Defendants' notice of errata.  (Doc. 30.)  On February 18, 2014, Plaintiff filed a surreply. (Doc. 32.)

## II. SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply, and the Court neither requested one nor granted a request on the behalf of Plaintiff to file one. Accordingly, Plaintiff's surreply, filed on February 18, 2014, shall be stricken from the record. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff has filed a surreply in response to Defendants' reply to his opposition to the motion to dismiss. Defendants' motion to dismiss of December 6, 2013 was fully briefed and was submitted on the record under Local Rule 230(*l*) on February 3, 2014, when Defendants filed their reply to Plaintiff's opposition. (Doc. 29.) The Court neither requested a surreply nor granted a request on the behalf of Plaintiff to file one. Plaintiff has not shown good cause for the court to allow him to file a surreply at this juncture. Therefore, Plaintiff's surreply shall be stricken from the record.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's surreply, filed on February 18, 2014, is STRICKEN from the Court's record.

IT IS SO ORDERED.

Dated: **February 19, 2014**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE