UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN,<br><br>      Plaintiff,<br><br>    vs.<br><br>R. HARRIS, et al.,<br><br>      Defendants. | 1:12-cv-01472-GSA-PC<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE<br>(Doc. 32.) |

## I. BACKGROUND

Cornell Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's initial Complaint filed on September 10, 2012, against defendant Harris for excessive force in violation of the Eighth Amendment, and defendant Nelson for failure to protect Plaintiff in violation of the Eighth Amendment. (Doc. 1.)

On December 6, 2013, Defendants filed a motion to dismiss this action for failure to exhaust remedies. (Doc. 22.) Plaintiff filed an opposition to the motion on January 27, 2014. (Doc. 27.) On January 29, 2014, Defendants filed a notice of errata, making a correction to their motion to dismiss. (Doc. 28.) On February 3, 2014, Defendants filed a reply to Plaintiff's opposition. (Doc. 29.) On February 14, 2014, Plaintiff filed a response to Defendants' notice

of errata ("Response").  (Doc. 30.)  On February 18, 2014, Plaintiff filed a reply to Defendants' reply of February 3, 2014 ("Reply").  (Doc. 31.)

On February 19, 2014, Defendants filed a motion to strike Plaintiff's Response of February 14, 2014, and Reply of February 18, 2014, as unauthorized surreplies.  (Doc. 32.)

## II.     MOTION TO STRIKE SURREPLIES

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed.  USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013).  The Local Rules provide for a motion, an opposition, and a reply.  Neither the Local Rules nor the Federal Rules provide the right to file a surreply.  A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Defendants argue that Plaintiff's Response filed on February 14, 2014, and Reply filed on February 18, 2014, should be stricken from the record as unauthorized surreplies, because court rules do not provide for the filing of a reply to a reply.

### Discussion

Defendants construe Plaintiff's Response of February 14, 2014, and Reply of February 18, 2014 as surreplies, to the extent that they act as replies to Defendants' reply of February 3, 2014.  With respect to Plaintiff's Reply of February 18, 2014, Defendants' motion is moot because the court issued an order on February 20, 2014, construing the Reply as a surreply and *sua sponte* striking it. (Doc. 34.)

The court shall not construe Plaintiff's Response of February 14, 2014, as a surreply.  Plaintiff has titled the response "response to notice of errata" and in the Response, he addresses Defendants' notice of errata of January 29, 2014.  Plaintiff is not precluded from responding to the notice of errata.  To the extent that the Response may act as a surreply, the court shall not consider it when ruling on Defendants' motion to dismiss.

Based on the foregoing, Defendants' motion to strike shall be denied.

///

**III.     CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to strike, filed on February 19, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **February 21, 2014**               **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE