UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN,<br><br>       Plaintiff,<br><br>    vs.<br><br>R. HARRIS, et al.,<br><br>       Defendants. | 1:12-cv-01472-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO WITHDRAW ARGUMENT FROM MOTION TO DISMISS, WITHOUT PREJUDICE<br>(Doc. 41.)<br><br>ORDER WITHDRAWING DEFENDANTS' ARGUMENT BASED ON EXHAUSTION OF REMEDIES FROM MOTION TO DISMISS<br>(Doc. 22.) |

**I.    BACKGROUND**

Cornell Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's initial Complaint filed on September 10, 2012, against defendant Harris for excessive force in violation of the Eighth Amendment, and defendant Nelson for failure to protect Plaintiff in violation of the Eighth Amendment. (Doc. 1.)

On December 6, 2013, defendants Harris and Nelson ("Defendants") filed a Motion to Dismiss which included an unenumerated Rule 12(b) motion to dismiss this action for failure to exhaust administrative remedies, and a Rule 12(b)(6) motion to dismiss for failure to state a claim on the grounds that Plaintiff's claims for relief under § 1983 are barred by Heck v.

Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 502 U.S. 641, 648 (1997). (Doc. 22.) On January 27, 2014, Plaintiff filed an opposition to the Motion. (Doc. 27.) On February 3, 2014, Defendants filed a reply to Plaintiff's opposition. (Doc. 29.)

On April 30, 2014, Defendants filed a Request to Withdraw their argument based on exhaustion of remedies from the Motion to Dismiss. (Doc. 41.)

## II.    REQUEST TO WITHDRAW ARGUMENT

Defendants request to withdraw from their Motion to Dismiss the argument that Defendant Nelson should be dismissed from this lawsuit because Plaintiff failed to exhaust CDCR's administrative grievance process as to Defendant Nelson before filing this case, as well as the Declaration of J. Zamora in support of the argument, in light of the recent decision in Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Defendants request that their argument be withdrawn without prejudice to bringing the argument in a motion for summary judgment, in the event that the Motion to Dismiss is not resolved in their favor.

### Discussion

On April 3, 2014, the Ninth Circuit Court of Appeals issued its ruling in Albino, overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), finding that exhaustion issues are more appropriately handled under the Federal Rules' explicit provisions, and requiring Defendants to raise the exhaustion defense under Federal Rule of Civil Procedure 56, via a motion for summary judgment. Albino at *1.

In light of the Ninth Circuit's decision in Albino, and good cause appearing, Defendants' request to withdraw their argument shall be granted.

## IV.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Withdraw, filed on April 30, 2014, is GRANTED; and
2. Defendants' argument based on Plaintiff's failure to exhaust his administrative remedies, and the Declaration of J. Zamora in support of Defendants' argument, are WITHDRAWN from the Motion to Dismiss filed on December 6, 2013,

without prejudice to renewal of the argument in a motion for summary judgment.

IT IS SO ORDERED.

   Dated:   **May 7, 2014**                **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE