UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN,<br><br>      Plaintiff,<br><br>   vs.<br><br>C/O R. HARRIS, et al.,<br><br>      Defendants. | 1:12-cv-01472-GSA-PC<br><br>ORDER DENYING MOTION FOR COURT ORDER PREVENTING TRANSFER<br>(Doc. 49.) |

## I. BACKGROUND

Cornell Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's initial Complaint filed on September 10, 2012, against defendant Harris for excessive force in violation of the Eighth Amendment, and defendant Nelson for failure to protect Plaintiff in violation of the Eighth Amendment. (Doc. 1.)

On May 30, 2014, Plaintiff filed a motion for a court order preventing his transfer to the California Correctional Institution (CCI) in Tehachapi, California. (Doc. 49.)

## II. PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation

1  omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to
2  succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary
3  relief, that the balance of equities tips in his favor, and that an injunction is in the public
4  interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear*
5  *showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

6  Federal courts are courts of limited jurisdiction and in considering a request for
7  preliminary injunctive relief, the Court is bound by the requirement that as a preliminary
8  matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S.
9  95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for
10 Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the
11 Court does not have an actual case or controversy before it, it has no power to hear the matter
12 in question. Id. Requests for prospective relief are further limited by 18 U.S.C. §
13 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the
14 "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of
15 the Federal right, and is the least intrusive means necessary to correct the violation of the
16 Federal right."

17 Plaintiff requests a court order preventing his transfer back to CCI, where prison
18 officials previously harassed and threatened him. Plaintiff is presently incarcerated at the
19 California State Prison-Los Angeles County in Lancaster, California.

20 Plaintiff motion must be denied because such relief would not remedy any of the claims
21 in Plaintiff's Complaint. The Court lacks jurisdiction to issue an order preventing officials
22 from transferring him back to CCI, because the Court does not have such a case or controversy
23 before it in this action. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727
24 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983);
25 Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S.
26 464, 471, 102 S.Ct. 752, 757-58 (1982). Plaintiff's Complaint in this action arises from an
27 incident of excessive force by defendants at CCI which allegedly occurred in April 2012.
28 Plaintiff now requests a court order preventing future action. Because a court order preventing

Plaintiff's future transfer would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue such orders, and Plaintiff's motion must be denied.

Moreover, the court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970). Accordingly, as a rule the court defers to the prison's policies and practices in transferring inmates from one prison to another.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for a court order preventing his transfer to CCI is DENIED.

IT IS SO ORDERED.

Dated:   **June 3, 2014**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE