UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>R. HARRIS, et al.,<br><br>　　　　Defendants. | 1:12-cv-01472-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS BE DENIED<br><br>(Doc. 22; also resolves Doc. 39.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.　BACKGROUND**

　　Cornell Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's initial Complaint filed on September 10, 2012, against defendant Harris for excessive force in violation of the Eighth Amendment, and defendant Nelson for failure to protect Plaintiff in violation of the Eighth Amendment. (Doc. 1.)

　　On December 6, 2013, defendants Harris and Nelson ("Defendants") filed an unenumerated Rule 12(b) motion to dismiss this action for failure to exhaust administrative remedies, and a Rule 12(b)(6) motion to dismiss for failure to state a claim on the ground that Plaintiff's claims for relief under § 1983 are barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 648 (1997). (Doc. 22.) On January 27, 2014, Plaintiff

filed an opposition to the motions. (Doc. 27.) On January 29, 2014, Defendants filed a notice of errata concerning the motions to dismiss. (Doc. 28.)  On February 3, 2014, Defendants filed a reply to Plaintiff's opposition. (Doc. 29.) On February 14, 2014, Plaintiff filed a response to Defendants' notice of errata. (Doc. 30.) On April 30, 2014, Defendants filed a Request to withdraw their exhaustion of remedies argument from the motion to dismiss, in light of the Ninth Circuit's recent opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014). (Doc. 41.) On May 7, 2014, Plaintiff filed an amended opposition to the motions to dismiss. (Doc. 42.) On May 8, 2014, the court granted Defendants' Request to withdraw their exhaustion of remedies argument from the motion to dismiss. (Doc. 43.) On June 6, 2014, Defendants filed an opposition to Plaintiff's amended opposition. (Doc. 51.)

Defendants' Rule 12(b)(6) motion to dismiss on the ground that Plaintiff's claims for relief under § 1983 are barred by Heck and Balisok is now before the court. (Doc. 22.)

## II.     PLAINTIFF'S ALLEGATIONS

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pelican Bay State Prison in Crescent City, California. The events at issue in the Complaint allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there. Plaintiff names as defendants R. Harris and C. Nelson, Correctional Officers employed by the CDCR at CCI.

Plaintiff alleges that on April 12, 2012, at 0732 hours in the 4A Security Housing Unit (SHU), he was escorted to the shower by Defendant Harris. Plaintiff alleges that Harris "snatched him hard by the arm and stated in a low menacing voice that if you ever disrespect me again, you are going to have serious problems." (Complaint, Doc. 1 at 7:3-10.) Plaintiff ignored the statement and did not speak. Plaintiff alleges that "after we both took a few more steps, the Defendant intentionally stuck one of his legs in front of the Plaintiff's legs and then the Defendant slammed the Plaintiff down on the cement floor. Plaintiff was in restraints with his hands handcuffed behind his back, so Plaintiff was unable to break the fall." (Id. at 7:17-24.) Plaintiff alleges that he fell face first onto the cement. Plaintiff alleges that Harris used both hands to strike Plaintiff with his baton, using "power blows." (Id. at 7:27-8:1.) Plaintiff

begged Harris to stop. Harris responded by punching Plaintiff in the face with a closed fist. Plaintiff alleges that Defendant C/O Nelson "had a smile on his face as he stood by and watched R. Harris brutally assault the Plaintiff." (Id. at 8:5-7.)

Plaintiff alleges that he continued to call for help, and Defendant Harris stated that he knew what would shut Plaintiff up. Plaintiff alleges that "as the Plaintiff screamed for help, the Defendant stuck the nozzle part of the pepper spray in the Plaintiff's mouth and continued to spray the Plaintiff inside his mouth. This continued until the pepper spray container was empty." (Id. at 8:13-15.) Harris then dragged Plaintiff by his braided hair into the section. Plaintiff alleges that at that point he vomited and then lost consciousness. Plaintiff alleges that as a result, he suffered permanent damage in his right eye, blood clots in both legs, and had "extensive" dental work performed. (Id. at 8:24.)

### III.   RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. "A state prisoner cannot use a § 1983 action to challenge the 'fact or duration of his confinement,' because such an action lies at the 'core of habeas corpus.'" Simpson v. Thomas, 528 F.3d 685, 693 (9th Cir. 2008) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). Thus, where a § 1983 action seeking damages alleging constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must first establish that the underlying sentence or conviction has already been invalidated on appeal, by a habeas petition, or terminated in his favor via some other similar proceeding. Heck, 512 U.S. at 438-37. This "favorable termination" rule applies to prison disciplinary proceedings, if those proceedings resulted in the loss of good-time or behavior credits. Balisok, 520 U.S. at 646-48 (holding that claim for monetary and declaratory relief challenging validity of procedures used to deprive prisoner of good-time credits is not cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) if success in that action would necessarily demonstrate the invalidity of

confinement or its duration" (emphasis omitted)).  Stated another way, a § 1983 claim is barred if the "plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'"  Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (citing Heck, 512 U.S. at 487 n. 6).  However, when the § 1983 claim does not necessarily implicate the underlying disciplinary action (or criminal conviction), it may proceed.  See Muhammad v. Close, 540 U.S. 749, 754-55 (2004).

### A. Defendants' Rule 12(b)(6) Motion

Defendants argue that Plaintiff's claims for relief are barred by Heck and Balisok, because success in this lawsuit would invalidate the prison disciplinary finding of Plaintiff's guilt for resisting a peace officer and his resulting loss of credits concerning the same incident. Evidence in Plaintiff's Complaint shows that on April 26, 2012, Plaintiff was found guilty of resisting a peace officer and assessed ninety days loss of behavioral/work credits, based on the April 12, 2012 incident at issue in this case. (Doc. 1 at 28.)  Defendants argue that if Plaintiff succeeds on his theory of liability in this case – that he was the victim of an attack by defendant Harris and that defendant Nelson failed to protect him --  it would imply the invalidity of the disciplinary determination and loss of custody credits, and therefore Plaintiff's claims are barred in this § 1983 action.

### B. Plaintiff's Opposition

In Plaintiff's amended opposition, he argues that the motion to dismiss as barred by Heck and Balisok should be denied because his loss of credits, imposed as the result of a guilty finding for resisting staff, was fully restored.

### C. Defendants' Reply to the Amended Opposition

In their reply to the amended opposition, Defendants argue that Plaintiff's claims are barred by Heck because the guilty finding against Plaintiff for resisting staff was not overturned.  Defendants assert that Plaintiff's evidence shows that his credits were restored not because he overturned his disciplinary conviction, but rather, because he remained disciplinary free for a statutorily specified amount of time. (Doc. 42 at 8-9.)  Defendants argue that under

///

Heck, Plaintiff was required to overturn the finding of guilt and resultant loss of good-time credits through a habeas proceeding, before filing this § 1983 lawsuit.

### D. Discussion

Uncontroverted evidence in Plaintiff's Complaint shows that after a disciplinary hearing conducted on April 26, 2012, Plaintiff was found guilty of resisting a peace officer in violation of Cal. Code Regs., tit. 15 § 3005(a), and assessed a ninety day loss of credits. (Complaint, Doc. 1 at 32-33.)

In several cases, the Ninth Circuit has applied Heck's favorable termination requirement to consider, and sometimes preclude, excessive force claims brought pursuant to 42 U.S.C. § 1983. For example, in Cunningham v. Gates, the Ninth Circuit found that § 1983 excessive force claims filed by a prisoner who was convicted of felony murder and resisting arrest were barred by Heck because his underlying conviction required proof of an "intentional provocative act" which was defined as "not in self defense." Cunningham, 312 F.3d at 1152. A finding that police had used unreasonable force while effecting the plaintiff's arrest, the court held, would "call into question" the validity of factual disputes which had necessarily already been resolved in the criminal action against him. Id. at 1154. However, in Smith v. City of Hemet, 394 F.3d 689 (9th Cir. 2005), the Ninth Circuit considered whether excessive force allegations of a prisoner who pled guilty to resisting arrest pursuant to Cal. Penal Code § 148(a)(1) were also barred by Heck and found that "Smith's § 1983 action was not barred . . . because the excessive force may have been employed against him subsequent to the time he engaged in the conduct that constituted the basis for his conviction." Id. at 693. Under such circumstances, the Ninth Circuit held Smith's § 1983 action "neither demonstrated nor necessarily implied the invalidity of his conviction." Id.; see, e.g., Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2003) ("Heck does not bar Guerrero's § 1983 excessive force claim ... because this claim does not necessarily imply the invalidity of his conviction or sentence"); see also Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir. 2001) ("If the officer used excessive force subsequent to the time Sanford interfered with the officer's duty, success in her section 1983 claim will not invalidate her conviction. Heck is no bar"); Hooper v. County of San Diego, 629 F.3d 1127, 1134 (9th

Cir. 2011) (holding that a conviction for resisting arrest under Cal. Penal Code § 148(a)(1) does not "bar a § 1983 claim for excessive force under Heck if the conviction and the § 1983 claim are based on different actions during 'one continuous transaction'").

Here, unlike the defendants in Cunningham, Defendants have not shown that Plaintiff's excessive force and failure to protect claims against them are necessarily inconsistent with his adjudication of guilt for resisting a peace officer.  Thus, this court cannot say that Plaintiff's excessive force claims "necessarily imply the invalidity" of his conviction for resisting a peace officer.  Heck, 512 U.S. at 487.  The factual context in which the force was used is disputed.  Thus, even though Plaintiff was found guilty of willfully resisting a peace officer, Defendants, if Plaintiff's allegations are believed, nevertheless may be found liable for responding "maliciously and sadistically" with the intent to cause him harm and "deliberately indifferent to a substantial risk of serious harm" to Plaintiff.  See Hudson v. McMillian, 503 U.S. at 1, 7 (1992); Simpson v. Thomas, No. 2:03-cv-0591 MCE GGH, 2009 WL 1327147 at *4 (E.D. Cal. May 12, 2009) (success on the plaintiff's Eighth Amendment excessive force claim would not necessarily invalidate his battery conviction pursuant to Cal. Code Regs., tit. 15 § 3005(c) because "even if Defendant acted unlawfully by using excessive force, Plaintiff could still have been guilty of battery"); accord Gipbsin v. Kernan, No. CIV S-07-0157 MCE EFB P, 2011 WL 533701 at *5-6 (E.D. Cal. 2011); Gabalis v. Plainer, No. CIV S-09-0253-CMK, 2010 WL 4880637 at *7 (E.D. Cal. 2010) ("It is possible for defendants to have used excessive force and for plaintiff to have attempted to assault a correctional officer.  Thus, success on plaintiff's civil rights claims would not necessarily imply that the guilty finding and resulting loss of good-time credits is invalid."); Candler v. Woodford, No. C 04-5453 MMC, 2007 WL 3232435 at *7 (N.D. Cal. Nov. 1, 2007) ("Because defendants have not shown that a finding of their use of excessive force would necessarily negate an element of the resisting a peace officer offense, the Court cannot conclude that plaintiff's claims are barred under Heck").  Therefore, the court finds that Plaintiff's claims for excessive force and failure to protect are not barred under Heck and Balisok, and Defendants' Rule 12(b)(6) motion to dismiss should be denied.

///

## IV.     CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim, filed on December 6, 2013, be DENIED.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 9, 2014**                                   **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE