UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN,<br><br>      Plaintiff,<br><br>  vs.<br><br>C/O R. HARRIS, et al.,<br><br>      Defendants. | 1:12-cv-01472-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>ORDER DENYING REQUEST FOR EXTENSION OF TIME AS PREMATURE<br><br>(Doc. 53.) |

## I. BACKGROUND

Cornell Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's initial Complaint filed on September 10, 2012, against defendant Harris for excessive force in violation of the Eighth Amendment, and defendant Nelson for failure to protect Plaintiff in violation of the Eighth Amendment. (Doc. 1.)

On July 14, 2014, Plaintiff filed a motion for preliminary injunctive relief and a request for extension of time. (Doc. 53.)

## II. PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation

omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff requests a court order for prison officials to return his personal property to him and transfer him to another correctional institution.

Plaintiff motion must be denied because such relief would not remedy any of the claims in Plaintiff's Complaint. The Court lacks jurisdiction to issue an order requiring prison officials to return his personal property or transfer him to another facility, because the Court does not have such a case or controversy before it in this action. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). Plaintiff's Complaint in this action arises from an incident of excessive force by defendants at CCI which allegedly occurred in April 2012. Plaintiff now requests a court order to assist him with present circumstances. Because a court order directing Plaintiff's transfer, or the return

of Plaintiff's property, would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue such orders, and Plaintiff's motion must be denied.

Moreover, the court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970). Accordingly, as a rule the court defers to the prison's policies and practices in transferring inmates from one prison to another and allowing access to property.

### III. REQUEST FOR EXTENSION OF TIME

Plaintiff also requests an extension of time in which to file a reply to Defendants' response, if any, to the court's findings and recommendations of June 9, 2014. Plaintiff's request is premature, because to date, Defendants have not filed such response. Therefore, Plaintiff's request must be denied, without prejudice to renewal of the request at a later stage of the proceedings.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for preliminary injunctive relief, filed on July 14, 2014, is DENIED; and
2. Plaintiff's request for extension of time is DENIED as premature, without prejudice.

IT IS SO ORDERED.

Dated:   **July 17, 2014**                      **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE