UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN,<br><br>       Plaintiff,<br><br>       v.<br><br>R. HARRIS, et al.,<br><br>       Defendants. | 1:12-cv-01472 LJO-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 59) |

On August 25, 2014, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, Plaintiff argues that he is unable to afford counsel and his imprisonment will greatly limit his ability to litigate. Plaintiff asserts that he has limited access to the law library and limited knowledge of the law. Plaintiff also asserts that he is at the "E.O.P. Level of [Mental Health] Care, PSU, SAC. A." Motion, Doc. 59 at 2 ¶2.

Plaintiff does not explain the meaning of the "E.O.P. Level" of mental health care he describes. Even so, plaintiff's challenges do not make his case exceptional, and this court is faced with similar cases daily. While the court has found that plaintiff "states a colorable claim for relief against Defendant Harris for excessive force in violation of the Eighth Amendment, and against Defendant Nelson for failure to protect Plaintiff in violation of the Eighth Amendment," this finding is not a determination that plaintiff is likely to succeed on the merits and at this juncture, the court cannot find that plaintiff is likely to succeed on the merits. Order, Doc. 6 at 2:17-19. Plaintiff's claims for excessive force and failure to protect him do not appear complex, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, and plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**September 4, 2014**__                    _____/s/ Gary S. Austin_____
                                                      UNITED STATES MAGISTRATE JUDGE