UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>R. HARRIS, et al.,<br><br>　　　　Defendants. | 1:12-cv-01472-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO BE TRANSFERRED BACK TO STATE PRISON<br>(Doc. 66.) |

**I.	BACKGROUND**

Cornell Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 10, 2012.  (Doc. 1.)  This case now proceeds with the original Complaint, on Plaintiff's Eighth Amendment claims against defendant Correctional Officer (C/O) Harris for excessive force and defendant C/O Nelson for failure to protect Plaintiff.  (Id.)

On March 26, 2015, Plaintiff filed a request for the court to issue an order transferring him back to state prison.  (Doc. 66.)

**II.	PRELIMINARY INJUNCTIVE RELIEF – COURT'S JURISDICTION**

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary

1

matter, it have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id.</u> Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

### **Discussion**

Plaintiff is presently detained at the Kern County Jail in Bakersfield, California. Plaintiff requests a court order transferring him back to state prison. Plaintiff cites conditions at the jail that prevent him from meeting court deadlines.

Plaintiff motion must be denied because such relief would not remedy any of the claims in Plaintiff's Complaint. The Court lacks jurisdiction to issue an order requiring officials to transfer him back to state prison, because the Court does not have such a case or controversy before it in this action. <u>See</u> <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985); <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). Plaintiff's Complaint in this action arises from an incident of excessive force by defendants at the California Correctional Institution in Tehachapi, California which allegedly occurred in April 2012. Plaintiff now requests a court order requiring present or future action by officials who are not defendants in this action. Because a court order requiring Plaintiff's transfer would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue such orders, and Plaintiff's motion must be denied.

Moreover, the court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment

are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970). Accordingly, as a rule the court defers to the prison's policies and practices in transferring inmates from one institution to another.

Plaintiff expresses concern that he will not be able to meet his deadlines in this case because he lacks access to his legal documents and the law library. It appears from the record that Plaintiff's only pending court deadline in this action is a deadline of April 19, 2015 for the completion of discovery. Should Plaintiff require an extension of this deadline or any other deadline, he should file a motion before the deadline expires, showing good cause for the motion to be granted.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for a court order requiring transferring him back to state prison, filed on March 26, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **April 1, 2015**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE