UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN,<br><br>        Plaintiff,<br><br>    vs.<br><br>HARRIS, et al.,<br><br>        Defendants. | 1:12-cv-01472-LJO-GSA-PC<br><br>ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER (Doc. 70.)<br><br>ORDER EXTENDING DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES FOR ALL PARTIES TO THIS ACTION<br><br>**New Discovery Cut-Off Date:**    08/31/2015<br><br>**New Dispositive Motions Deadline:**  10/30/2015 |

### I.  BACKGROUND

Cornell Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's initial Complaint filed on September 10, 2012, against defendant Harris for excessive force in violation of the Eighth Amendment, and against defendant Nelson for failure to protect Plaintiff in violation of the Eighth Amendment.  (Doc. 1.)  On August 19, 2014, the court issued a Scheduling Order establishing deadlines of April 19, 2015 for the completion of discovery, and June 29, 2015 for the parties to file pretrial dispositive motions.  (Doc. 58.)  On April 7, 2015, Defendants filed a motion to modify the Scheduling Order.  (Doc. 70.)

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

Defendants request the court to vacate the current discovery and dispositive motions deadlines, pending Plaintiff return to the custody of the California Department of Corrections and Rehabilitation (CDCR).  Defendants argue that because Plaintiff is presently housed at the Kern County Jail until at least May 19, 2015, it is difficult for Defendants to conduct a meaningful deposition, because Plaintiff does not have access to his legal paperwork or a law library and will be unable to adequately prepare for his deposition.  Defendants also argue that a ruling on their pending motion for summary judgment may significantly narrow the scope of this case, leaving Plaintiff's excessive force claim against defendant Harris as Plaintiff's sole remaining claim.

The Court finds good cause to extend the discovery and dispositive motions deadlines in this action, to allow for meaningful discovery.  Should Defendants require a further extension of the deadlines, they should file a motion before the current deadlines expire.  Accordingly, Defendants' motion to modify the Scheduling Order shall be granted.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the court's Scheduling Order, filed on April 7, 2015, is GRANTED;

2. The deadline for the completion of discovery is extended from April 19, 2015 to **August 31, 2015** for all parties to this action;

3. The deadline for filing and serving pretrial dispositive motions is extended from June 29, 2015 to **October 30, 2015** for all parties to this action; and

4. All other provisions of the court's August 19, 2014 Scheduling Order remain the same.

IT IS SO ORDERED.

   Dated:   **April 8, 2015**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE