UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>C/O R. HARRIS, et al.,<br><br>    Defendants. | Case No. 1:12 CV 01472 LJO GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>(ECF NO. 62)<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the Court is Defendants' motion for partial summary judgment. Plaintiff has opposed the motion.[1]

I. **Procedural History**

Plaintiff, a state prisoner currently housed at the Kern County Jail, brings this civil rights action against defendants R. Harris and C. Nelson, correctional officers employed by the California Department of Corrections and Rehabilitation (CDCR) at the California Correctional

---

[1] Along with their motion for summary judgment, Defendants served Plaintiff with the notice required in Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). (ECF No. 62.)

1

Institution at Tehachapi (CCI). The events that give rise to his lawsuit occurred at CCI.

Plaintiff alleges that on April 12, 2012, at 0732 hours in the 4A Security Housing Unit (SHU), he was escorted to the shower by Defendant Harris. Plaintiff alleges that Harris "snatched him hard by the arm and stated in a low menacing voice that if you ever disrespect me again, you are going to have serious problems." (Compl. 7:3-10.) Plaintiff ignored the statement and did not speak. Plaintiff alleges that "after we both took a few more steps, the Defendant intentionally stuck one of his legs in front of the Plaintiff's legs and then the Defendant slammed the Plaintiff down on the cement floor. Plaintiff was in restraints with his hands handcuffed behind his back, so Plaintiff was unable to break the fall." (Id. 7:17-24.) Plaintiff alleges that he fell face first on to the cement. Plaintiff alleges that Harris used both hands to strike Plaintiff with his baton, using "power blows." Plaintiff begged Harris to stop. Harris responded by punching Plaintiff in the face with a closed fist. Plaintiff alleges that Defendant C/O Nelson "had a smile on his face as he stood by and watched R. Harris brutally assault the Plaintiff." (Id. 8:5-7.)

Plaintiff alleges that he continued to call for help, and Defendant Harris stated that he knew what would shut Plaintiff up. Plaintiff alleges that "as the Plaintiff screamed for help, the Defendant stuck the nozzle part of the pepper spray in the Plaintiff's mouth and continued to spray the Plaintiff inside his mouth. This continued until the pepper spray container was empty." (Id. 8:13-15.) Harris then dragged Plaintiff by his braided hair into the section. Plaintiff alleges that at that point he vomited then lost consciousness. Plaintiff alleges that as a result, he suffered permanent damage in his right eye, blood clots in both legs, and had "extensive" dental work performed.

In an earlier order, the Court found that Plaintiff stated a colorable claim for relief against Defendant Harris for excessive force in violation of the Eighth Amendment, and against Defendant Nelson for failure to protect Plaintiff in violation of the Eighth Amendment. Defendants filed an answer. On November 19, 2014, Defendants filed a motion for partial summary judgment on the ground that Plaintiff failed to exhaust his available administrative

2

remedies as to his failure to protect claim against Defendant Nelson. On February 9, 2015, Plaintiff filed opposition to the motion.

## II.     Summary Judgment

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a). Albino v. Baca, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc). Following the decision in Albino, defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[2] or (2) a motion for summary judgment under Rule 56. Id. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted.") A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

---

[2] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint." Albino, 747 F.3d at 1162.

3

Fed. R. Civ. P. 56(c)(1).  The Court may consider other materials in the record not cited to by the parties, but is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).  In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).  The Court must liberally construe Plaintiff's filings because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id.  The ultimate burden of proof remains with defendants, however.  Id.  "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

The Court takes judicial notice of the fact that the State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal.Code Regs. tit. 15 § 3084.1(a).  The process is initiated by submitting a CDCR Form 602.  Id. at § 3084.2(a).

At the time of the events giving rise to the present action, California prisoners were required to submit appeals within fifteen working days of the event being appealed, and the process was initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c) (2009).  Four levels of appeal were involved,

including the informal level, first formal level, second formal level, and third formal level. Id. at § 3084.5 (2009). A final decision at the third level[3] of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). Id. at § 3084.5(d); see Lira v. Herrera, 427 F.3d 1164, 1166 (9th Cir. 2005). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

Defendants support their motion with the declarations of R. Briggs and M. Dailo, and exhibits attached thereto. Regarding Plaintiff's claim that Defendant Nelson failed to protect him from Defendant Harris, R. Briggs, the Acting Chief of the Office of Appeals (OOA) declares the following.

> I am able to verify the status of an inmate's third level administrative appeal of non-health care grievances, including whether it was accepted for review and adjudication by the OOA, or whether it was screened out. At the request of the Attorney General's Office, I have searched the OOA's records to determine the status of all non-healthcare related third-level appeals by inmate Cornell Brown (H-22803) that were adjudicated by the OOA between April 12, 2012, and September 10, 2012. The OOA's records show that, during this time frame, inmate Brown submitted only one non-medical appeal that was exhausted or screened out at the third level of review. A copy of this appeal is attached as Exhibit A. A copy of inmate Brown's third level appeal history is attached as Exhibit B.

(Briggs Decl., ¶¶ 4-6.) Exhibit A includes a copy of the Director's Level decision on Plaintiff's inmate grievance no. CCI-12-01112. The issue in that grievance follows.

> It is the appellant's position that on April 26, 2012, Correctional Officer (CO) R. Harris subjected the appellant to excessive force during the incident that occurred in his assigned housing unit. The appellant asserts that CO Harris was escorting him to the shower; however, during the escort CO Harris stopped and stated to the appellant that if he ever disrespected him again he would have problems. The appellant alleges as they continued the escort, CO

---

[3] The third level is sometimes known as the Director's level.

5

> Harris suddenly tripped him and threw him to the ground. The appellant contends that once on the ground CO Harris struck him with a baton, punched him in the face and forced his face to the ground. The appellant claims that he did not resist during the escort to the shower.

(Briggs. Decl. Ex. A.)

Exhibit B establishes that subsequent to the events at issue in this lawsuit, Plainitff filed four other inmate grievances, one related to programming and three regarding custody classification. All four were screened out and did not reach the third and final level of review. Exhibits A and B to the declaration of M. Dailo, the Appeals Coordinator at CCI, establish that the only two non-medical appeals submitted by Plaintiff during the relevant time period are grievance no. CCI-12-01112, referenced above, and grievance no. CCI-0-12-02248, which involves an issue regarding kosher meal requests.

Defendants' evidence establishes that Plaintiff only exhausted his claim against Defendant Harris. Grievance no. CCI-12-01112 complaints of excessive force by Defendant Harris. The grievance does not mention Defendant Nelson, or refer in any way to a failure to protect Plaintiff by any other official. A grievance must be factually sufficient to "alert the prison as to the nature of the wrong for which the redress is sought." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). Grievance no. CCI-0-12-02248 does not put the prison on notice of a failure to protect Plaintiff by Defendant Nelson. The Court finds that Defendants have met their burden on summary judgment. Defendants' evidence establishes, without dispute, that regarding the allegations against Defendant Nelson, Plaintiff failed to exhaust his administrative remedies prior to filing suit. The burden shifts to Plaintiff to come forward with evidence that he did so.

In his opposition, Plaintiff fails to offer any evidence that he exhausted his administrative remedies regarding his claim against Defendant Nelson. Instead, Plaintiff argues that the motion should be denied on the same ground that a previously filed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) was denied. That motion sought dismissal of this action on the ground that a judgment in Plaintiff's favor would invalidate his prison disciplinary

conviction, and is therefore barred by Heck v. Humphrey, 512 U.S. 477 (1994). The Court did not address the issue of exhaustion of administrative remedies in that motion.

### III. Conclusion

Defendants have come forward with evidence that establishes, without dispute, that Plaintiff has failed to exhaust his administrative remedies prior to filing suit on his claim of failure to protect against Defendant Nelson. Plaintiff has failed to come forward with any evidence to the contrary. Judgment should therefore be entered in favor of Defendant Nelson.

Accordingly, IT IS HEREY RECOMMENDED that Defendants' motion for partial summary judgment in granted in favor of Defendant Nelson, and Defendant Nelson be dismissed from this action on the ground that Plaintiff has failed to exhaust his available administrative remedies prior to filing suit on his failure to protect claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(1)(B). Within thirty days after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections is due within ten days of the filing of objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d 834 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1398 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 4, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE