UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN,<br><br>        Plaintiff,<br><br>vs.<br><br>R. HARRIS, et al.,<br><br>        Defendants. | Case No.  1:12 cv 01472 LJO GSA PC<br><br>ORDER RE  FINDINGS AND RECOMMENDATIONS<br>(ECF No. 74 )<br><br><br>ORDER REFERRING ACTION TO MAGISTRATE JUDGE |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds against Defendants Harris and Nelson for excessive force and failure to protect Plaintiff in violation of the Eighth  Amendment.    Defendants filed a motion for partial summary judgment, seeking judgment against Defendant Nelson on Plaintiff's failure to protect claim on the ground that Plaintiff failed to exhaust his available administrative remedies prior to filing suit.  On June 5, 2015, findings and recommendations were entered, recommending that Defendants' motion for partial summary judgment be granted.  Plaintiff  filed

1

objections to the findings and recommendations.   Defendants have not filed a reply.

The Magistrate Judge found that Defendants met their burden on summary judgment by coming forward with evidence that established the lack of a triable issue of fact.  Defendants' evidence established that Plaintiff's inmate grievance, which was exhausted at the Director's Level, did not refer to Defendant Nelson.  Specifically, Defendant submitted the decision on Plaintiff's appeal (log no. 0-12-01112) at the Director's Level.  The statement of issue in Defendants' exhibit did not refer to Defendant Lt. Nelson and did not refer to any claim of failure to protect.  In his objections, Plaintiff argues that in his original grievance, he referred to Defendant Nelson as the tower officer, and has therefore exhausted his administrative grievance regarding Defendant Nelson.  Plaintiff submits Exhibit A to his objections.  Page 7 of Exhibit A appears to be a copy of a CDCR 602 form, assigned log no. 12-0112, received by the Inmate Appeals Branch on May 9, 2012.  Plaintiff's statement of claim related the use of excessive force by Sergeant Harris, including the following statement: "I never moved, I was hit in my back with baton upper & lower, punched in my face until it was swollen, beat in legs, pluss [sic] pepper sprayed all by one staff this is excessive use of force if tower saw me resisting why wasn't alarm activated?"  On page 2 of Exhibit A, Plaintiff states that "Staff R. Harris and Lt. didn't do staff inquiry. . . .  They refused to mention me being beat with baton."

It is the prison's requirements of specificity, and not the PLRA's, that define the level of detail necessary in a grievance to comply with the grievance procedure.  Jones v. Bock, 549 U.S. 199, 218 (2007).  In California, Title 15 of the California Code of Regulations, section 3084.2(a)(3) directs the inmate to provide the full name of the staff member involved or, if the inmate does not have the identifying information, "he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify

the staff member(s) in question." <u>Id</u>.   The allegations of the complaint refer to Defendant Lt.

Nelson as the tower officer.

Plaintiff has come forward with evidence that creates a triable issue of fact as to whether he exhausted his available administrative remedy as to Defendant Nelson.  The motion should therefore be denied on the ground that Plaintiff failed to exhaust his available administrative remedies as to Defendant Nelson.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 305, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1.  The Court declines to adopt the findings and recommendations issued by the Magistrate Judge on June 5, 2015;

2.  Defendants' motion for partial summary judgment on the ground that Plaintiff failed to exhaust his available administrative remedies as to Defendant Nelson is denied;

3.  This action is referred to the Magistrate Judge for further proceedings.


IT IS SO ORDERED.

Dated:   **August 11, 2015**         **/s/**

**Lawrence J. O'Neill**

UNITED STATES DISTRICT JUDGE

3