UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN,<br><br>            Plaintiff,<br><br>      v.<br><br>R. HARRIS, et al.,<br><br>            Defendants. | Case No.: 1:12-cv-01472-BAM (PC)<br><br>ORDER GRANTING DEFENDANT HARRIS'S MOTION TO MODIFY AMENDED SECOND SCHEDULING ORDER AND EX PARTE APPLICATION TO HEAR MOTION ON SHORTENED TIME<br><br>Plaintiff's Amended Pretrial Statement Due: **January 20, 2017** |

Plaintiff Cornell Brown is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's claims against Defendant Correctional Officer Harris for excessive force in violation of the Eighth Amendment. All parties have consented to magistrate judge jurisdiction. (ECF Nos. 5, 81.)

Under the Amended Second Scheduling Order, this matter is set for a jury trial beginning on March 28, 2017, and a telephonic pretrial hearing on January 18, 2017. (ECF No. 96.) Plaintiff was required to serve and file a pretrial statement in accordance with that Order by January 3, 2017, and Defendant's pretrial statement is due by January 10, 2017.

Currently before the Court is Defendant's motion to amend the Amended Second Scheduling Order to vacate the current pretrial statement deadlines. (ECF No. 99.) Defendant argues that the

1

Plaintiff's pretrial statement is so inadequate that Defendant cannot properly prepare a pretrial statement in response, including because Plaintiff left several matters for his counsel to determine, although no counsel of record has appeared on Plaintiff's behalf. Therefore, Defendant asserts that Plaintiff should be ordered to file a statement that adequately complies with Local Rule 281(b), and Defendant's statement should be due ten days after Plaintiff files his amended pretrial statement. Defendant suggests the January 18, 2017 pretrial hearing remain on calendar to confirm Plaintiff's readiness for trial and the status of his representation, and that the instant motion be ruled upon prior to that hearing.[1]

The Court has reviewed Plaintiff's pretrial statement and finds that it does not comply with Local Rule 281 in several critical respects. As Defendant notes, Plaintiff's pretrial statement is only about four pages long, and his filing otherwise mostly consists of attachments that appear to be some portion of Plaintiff's proposed trial exhibits. Plaintiff's undisputed and disputed fact descriptions each consist of one sentence, and the Court is therefore not certain whether these sections are complete. No anticipated disputed evidentiary issues are noted. (ECF No. 98.)

More importantly, Plaintiff does not list his expected witnesses, and instead states that he has obtained legal counsel who will take over "all remaining matters." (Id. at 3.) Although Plaintiff indicates that he has obtained counsel as of December 27, 2016 and gives a name and phone number for counsel, no counsel has yet filed any appearance in this action for Plaintiff. Nor does the anticipated appearance of counsel excuse Plaintiff from his obligation to comply with this Court's orders and the local rules. Plaintiff also refers to what his anticipated counsel "will decide" instead of setting forth his positions on any stipulations, further discovery or motions (other than to state that he anticipates a motion to extend the time for trial), whether he will request any amendments, any anticipated settlement negotiations or need for a settlement conference, and whether he will seek an impartial expert witness or witnesses. (Id. at 3-4.) The incompleteness of Plaintiff's pretrial statement prevents Defendant and the Court from adequately preparing for trial in this matter.

---

[1] Defendant also suggests that Plaintiff's pretrial statement was filed and served late, as it was not entered onto the docket until January 6, 2017. (ECF No. 98). However, the proof of service attached to Plaintiff's pretrial statement indicates it was provided to prison officials for mailing to the Court and defense counsel on January 2, 2017, which was within the applicable deadline. (Id. at 17-18.)

Good cause appearing, Defendant's motion to modify the amended second scheduling order and ex parte application to hear the motion on shortened time (ECF No. 99), are GRANTED. The pretrial statement deadlines set forth in the Court's amended second scheduling order are vacated, and the Court HEREBY ORDERS as follows:

1. Plaintiff shall file and serve an amended pretrial statement that adequately complies with Local Rule 281(b) on or before **January 20, 2017**;

2. Defendant shall file a pretrial statement within ten (10) days after Plaintiff files and serves his amended pretrial statement; and

3. **Plaintiff is warned that his failure to comply with this order shall result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   **January 9, 2017**         /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE