UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>R. HARRIS,<br><br>    Defendant. | Case No.: 1:12-cv-01472-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR EXPERT DISCOVERY, TO DESIGNATE EXPERTS AND DEPOSE DEFENDANT'S EXPERTS<br>(ECF No. 107)<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br>(ECF No. 112)<br><br>ORDER VACATING MAY 30, 2017 TRIAL DATE<br><br>**Joint Status Report Due:** March 28, 2017 |

Plaintiff Cornell Brown is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF Nos. 5, 83.) This action proceeds against Defendant Harris on Plaintiff's claim of excessive force arising out of events on April 12, 2012. A jury trial is currently set for May 30, 2017.

Currently before the Court are: (1) Plaintiff's motion to extend time for discovery, to designate experts, and to depose defendant's experts, filed January 25, 2017 (ECF No. 107); and (2) Defendant's motion to dismiss, filed February 6, 2017 (ECF No. 112).

A telephonic hearing was held on March 21, 2017 regarding these motions and other pretrial matters. Jeremy Lessem and Jamal Tooson of Lessem, Newstate & Tooson LLP, counsel for Plaintiff,

appeared by telephone, and Joanna Hood, of the Office of the Attorney General, counsel for Defendant, appeared in person at that hearing.[1]

## I. Relevant Procedural Background

On January 18, 2017, the Court held a telephonic trial confirmation hearing in this case. Jamal Tooson, counsel for Plaintiff, and Joanna Hood, counsel for Defendant, attended the hearing. Following the hearing, on good cause shown, the Court continued the jury trial date to May 30, 2017, at 8:30 a.m. in Courtroom 8. The Court also allowed Plaintiff to file a motion regarding the reopening of discovery for limited purposes and the late designation of expert witnesses. (ECF No. 105.)

Plaintiff filed his motion to extend time for discovery, designate experts, and depose Defendant's experts on January 25, 2017. (ECF No. 107.) Defendant filed an opposition on February 1, 2017. (ECF No. 111.) A reply was permitted, (ECF No. 105, p. 3), but none was filed by the deadline.

On February 6, 2017, Defendant filed a request for dismissal pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110. (ECF No. 112.) Plaintiff filed an opposition to that motion on February 9, 2017, (ECF No. 113), and Defendant filed a reply to Plaintiff's opposition on February 16, 2017, (ECF No. 114).

Following oral argument on these motions at the hearing as noted above, the motions are now deemed submitted. Local Rule 230(l).

## II. Defendant's Motion to Dismiss

The basis and arguments on this motion are known to the parties and were discussed at the hearing. In sum, Defendant seeks dismissal based on Plaintiff's repeated failure to comply with orders requiring a completed pretrial statement, and its prejudicial effect on Defendant's and the Court's preparations for trial.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss an action, the Court must

---

[1] An associate at the firm representing Plaintiff, Daniel Rubin, attended the telephonic conference for listening purposes. Mr. Rubin has not appeared in this case as counsel.

consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). "Because dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances." Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992).

For the reasons discussed in open court, Defendant's motion to dismiss is denied. Although the Court admonishes Plaintiff's counsel for the repeated non-compliance with its orders and continuing deficiencies in the pretrial statement, the Court finds no bad faith by Plaintiff or his counsel here. The Court instead finds that due to the timing of counsel's appearance and the orders here, there may have been confusion, and counsel has attempted compliance in good faith. Importantly, the interests of justice and public policy strongly favor a disposition on the merits in this matter, and the risk of any prejudice to Defendant will be greatly reduced here by a modification of the scheduling orders in this case, discussed further below.

As to Defendant's alternative motion to exclude certain evidence as a sanction here, the Court finds it appropriate under the circumstances to preclude Plaintiff from seeking the attendance of incarcerated witnesses, other than Plaintiff himself, to testify at trial in this matter. As discussed at the hearing, the December 6, 2016 deadline for a motion for the attendance of incarcerated witnesses was set forth in the Court's August 31, 2016 scheduling order, (ECF No. 96), and was thus well-known to Plaintiff for several months. No motion was filed, no extension of that deadline was sought, and no proposed witnesses have been identified in any version of Plaintiff's pretrial statement. The Court finds this less drastic sanction short of dismissal appropriate under the circumstances.

**III.     Plaintiff's Motion to Extend Time for Discovery, Designate Experts, and Depose Experts**

The Court next turns to Plaintiff's motion to extend the time for discovery for a limited purpose and to designate and depose experts. In brief summary, Plaintiff argues that discovery should be reopened (1) to allow depositions of Defendant's medical and use of force experts; and (2) to allow Plaintiff to designate his own expert witnesses. As cause for the motion, Plaintiff asserts that he may

3

have suffered head trauma which may have prevented him from adequately representing himself while he appeared in pro per in this action, and which may have influenced his ability to perform discovery.

Defendant opposes the motion on the grounds that Plaintiff has shown neither diligence nor good cause, and because the allegation of a cognitive defect is purely speculative. Defendant also argues prejudice due to reopening discovery and expending resources on the eve of trial.[2]

### A.     Legal Standards

Federal Rule of Civil Procedure 16 provides that the Court must issue a scheduling order. The scheduling order must limit the time to amend pleadings, complete discovery and file motions. Fed. R. Civ. P. 16(b)(3)(A). The scheduling order may modify the timing of disclosures under Rule 26(a) and 26(e)(1). Fed. R. Civ. P. 16(b)(3)(B)(i). "A scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Federal Rule of Civil Procedure 26 provides that a party must disclose to other parties expert witnesses it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Absent a stipulation or a court order, expert witness disclosures must be made at least 90 days before the date set for trial, or in the case of rebuttal expert witnesses, within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(i), (ii).

### B.     Discussion

For the reasons discussed in open court, Plaintiff's motion is granted. Expert witness designations in this matter were due on December 28, 2016. Shortly thereafter, on January 27, 2017, Plaintiff timely designated rebuttal expert witnesses—Dr. Ryan O'Connor, a medical expert, and Mr. Roger Clark, a use of force expert. Thus, by this motion, the Court is considering whether those experts that were timely disclosed as rebuttal experts may testify in Plaintiff's case-in-chief.

---

[2]     Plaintiff admits that Defendant timely disclosed experts on December 28, 2016, pursuant to Federal Rule of Civil Procedure 26(2)(D)(i). (ECF No. 97.) Nevertheless, Plaintiff accuses Defendant of gamesmanship for waiting until the last possible day to disclose experts. The Court finds no bad faith or gamesmanship by Defendant or defense counsel here.

4

The Court finds sufficient diligence here in counsel's attempts to familiarize themselves with the case, and to locate and designate expert witnesses, and that the interests of justice are best served by allowing the late designation of these expert so that Plaintiff may use them in his case-in-chief, as well as in rebuttal.[3]

Further, the Court finds it appropriate, as discussed in open court, to permit the depositions of the disclosed expert witnesses in this case, by both parties. The Court rejects Defendant's argument that expert depositions were required to be completed before the close of fact discovery in this case under the discovery and scheduling order, which did not expressly address expert discovery. Instead, the Court finds that Rule 26(b) permits the deposition of expert witnesses after the deadline for their disclosure under Rule 26(a)(2)(D), unless otherwise modified by Court order. See Fed. R. Civ. P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.").

### III. Trial Date and Modification of Scheduling Order

At the hearing, the parties were directed to meet and confer and file a joint status report based on the outcome of the above-discussed motions and the need to modify the scheduling order accordingly. To recap, on or before **March 28, 2017**, the parties shall file a joint status report setting forth the following:

1. **Trial Date**: The parties shall indicate what trial date they agree upon, for a 2-3 day trial in this matter. As a reminder, the dates that the Court is currently available to begin a trial in this matter

---

[3] As noted at the hearing, the Court does not find any allegations or evidence in the record that Plaintiff is suffering from a cognitive injury. Instead, the record reflects that Plaintiff has been articulate in his filings, and has successfully litigated this action while appearing in pro per, including by successfully opposing a motion to dismiss and motions for summary judgment. However, the Court is not precluding the investigation or presentation of evidence regarding Plaintiff's injuries at this juncture.

Nevertheless, the Court agrees with Defendant's argument that the adequacy or quality of medical care provided by Dr. Feinberg, or any other medical provider, to Plaintiff is not at issue in this case. Although the Court is allowing limited additional discovery here for the purposes of Plaintiff's prosecution of his excessive force claim and any injuries from that incident, the Court is not allowing the expansion of this case to any claims regarding the provision of medical care.

are:  June 13, 2017; July 11, 2017; September 5, 2017; September 12, 2017; October 2, 2017; October 30, 2017; November 6, 2017; and November 20, 2017.

2. **Telephonic Trial Confirmation Hearing Date**:  The parties shall indicate a date that they agree upon for this hearing, based on the agreed trial date. This hearing generally occurs about 6 weeks before the trial, to give time for the final trial preparations and motions in limine, but the Court may accommodate a slightly different schedule, if needed. As noted, dates for motions in limine will be set at this hearing.

3. **Joint Pretrial Statement**:  The parties shall indicate an agreed date for submission of their joint pretrial statement, in accordance with Local Rule 281. This date shall be not less than 10 days before the telephonic trial confirmation hearing.

4. **Deadline for Submission of Expert Reports**:  The parties shall indicate an agreed deadline for the disclosure of written reports for Plaintiff's and Defendant's retained expert witnesses (Dr. Ryan O'Connor and Mr. Roger Clark, and retired Correctional Lieutenant Tony Diaz, respectively), in accordance with Federal Rule of Civil Procedure 26(a)(2)(B).

5. **Deadline for Completion of Expert Depositions**:  The parties shall indicate an agreed deadline for the completion of any depositions of expert witnesses, to occur after the submission of the expert witness reports. These depositions must be completed before the date the parties are to submit their joint pretrial statement.

6. **Settlement Conference**:  The parties may indicate an agreed date or dates for a settlement conference requiring the assistance of a magistrate judge other than the undersigned, or shall indicate that a settlement conference is not needed at this time. If the parties do not require the assistance of a magistrate judge for any settlement conference at this time, they may seek one at a later date.

IV. **Conclusion and Order**

Accordingly, the Court HEREBY ORDERS as follows:

1. Defendant's motion to dismiss, filed on February 6, 2017 (ECF No. 112), is DENIED;

2. Plaintiff's motion for an extension of time for limited discovery and to designate expert witnesses, filed on January 25, 2017 (ECF No. 107), is GRANTED as discussed above;

3. The trial date of May 30, 2017, and any other pending deadlines, are VACATED;

4. The parties shall submit the joint status report described in **Section III** of this order on or before **March 28, 2017**; and

5. The Court shall issue a separate order setting forth the schedule for trial in this case after the submission of the parties' joint status report.

IT IS SO ORDERED.

Dated:   **March 21, 2017**          /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE